Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH MARINOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REV GROUP, INC., TIM SULLIVAN, and DEAN NOLDEN,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br>JURY TRIAL DEMANDED |

Plaintiff Seth Marinoff ("Plaintiff"), by Plaintiff's undersigned attorneys, individually and on behalf of all other persons similarly situated, alleges the following based upon personal knowledge as to Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding REV Group, Inc. ("REV Group" or the "Company"), analysts' reports and

– 1 –

advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired publicly traded securities of REV Group pursuant and/or traceable to the Company's initial public offering on or about January 27, 2017 (the "IPO"), seeking to recover compensable damages caused by Defendants' violations of Sections 11 and 15 of the Securities Act of 1933 ("Securities Act").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o).

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, Section 22 of the Securities Act (15 U.S.C. § 77v).

4. Venue is properly laid in this District pursuant to § 22 of the Securities Act and 28 U.S.C. §1391(b) as the Company conducts business and is located in and has operations in this Judicial District.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff, as set forth in the attached Certification, acquired REV Group securities at artificially inflated prices pursuant and/or traceable to the Company's IPO and was economically damaged thereby.

7. Defendant REV Group designs, manufactures, and distributes specialty vehicles in the United States, Canada, Europe, Africa, the Middle East, and internationally. The Company is incorporated in Delaware and maintains manufacturing facilities in Los Angeles, California. REV Group securities trade on the NYSE under the ticker symbol "REVG."

8. Defendant Tim Sullivan ("Sullivan") has been the Company's Chief Executive Officer ("CEO") since August 11, 2014. He also serves as a director of the Company.

9. Defendant Dean Nolden ("Nolden") has been the Company's Chief Financial Officer ("CFO") since January 21, 2016.

10. Defendants Sullivan and Nolden are sometimes referred to herein as the "Individual Defendants."

11. Each of the Individual Defendants:

   a. directly participated in the management of the Company;
   b. was directly involved in the day-to-day operations of the Company at the highest levels;
   c. was privy to confidential proprietary information concerning the Company and its business and operations;
   d. was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;
   e. was directly or indirectly involved in the oversight or implementation of the Company's internal controls;
   f. was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

      g. approved or ratified these statements in violation of the federal securities laws.

12. REV Group is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

13. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to REV Group under *respondeat superior* and agency principles.

14. Defendant REV Group and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

15. Pursuant to the Securities Act, Defendants are strictly liable for material misstatements in the Offering Materials issued in connection with the IPO. The Securities Act claims specifically exclude any allegations of fraud, knowledge, recklessness or scienter, do not "sound in fraud" and based solely on strict liability and negligence.

### Background

16. On October 24, 2016, the Company filed a registration statement on Form S-1 with the SEC in connection with its IPO. The registration statement was subsequently amended, with the final amended registration statement on Form S-1/A filed on January 17, 2017 (collectively, the "Registration Statement"). The Registration Statement was declared effected by the SEC on January 26, 2017.

17. The Registration Statement contained a preliminary prospectus. The final prospectus was dated January 26, 2017 ("Prospectus"). The Prospectus was filed with the SEC on January 30, 2017.

18. On or about January 27, 2017, the Company completed its IPO, selling about 12.5 million shares at $22 per share and raising approximately $275 million in proceeds.

## Materially False and Misleading Statements

19. The Registration Statement, signed by or on behalf of Defendants Sullivan and Nolden, provided information regarding the Company's manufacturing and service capabilities, stating in relevant part:

**Manufacturing and Service Capabilities**

We currently operate 15 manufacturing plants and 11 aftermarket service centers (called Regional Technical Centers or "RTCs") across the United States with approximately 4.9 million square feet of manufacturing and service space. We believe that our factories are among some of the most efficient and lowest cost production facilities in each of our markets due to the production processes that we employ, our purchasing scale and the high unit volume throughput relative to most of our competitors.

\* \* \*

Our growing RTC footprint is strategically placed throughout the United States and our locations are staffed with technicians and customer service representatives to support our approximately 240,000 installed base of vehicles. Our RTCs complement our dealer network to provide our end users with the parts and service that they need to keep their fleets operating and to meet the demand of their customers.

20. The Registration Statement provided information regarding the Company's ability to predict its production needs and sales through its backlog, stating in relevant part:

*Business Model Produces Highly Attractive Financial Characteristics*

\* \* \*

***Finally, our business carries a high-quality backlog which enables strong visibility into future net sales which ranges from two to nine months depending on the product and market. This visibility into future production needs and net sales enables us to more effectively plan and predict our business.***

– 5 –

1  (Emphasis added.)

2  21. The statements referenced in ¶¶19-20 above were materially false
3  and/or misleading because they misrepresented and failed to disclose the following
4  adverse facts pertaining to the Company's business, operations, and prospects,
5  which were known to Defendants or recklessly disregarded by them. Specifically,
6  Defendants made false and/or misleading statements and/or failed to disclose that:
7  (1) REV Group was unable to use its "strong visibility into future net sales" to
8  "effectively plan" and manage its backlog of vehicles; (2) REV Group facilities
9  were not operating efficiently or at a low cost to satisfy customer demand; and (3)
10 as a result, Defendants' public statements were materially false and misleading at
11 all relevant times.

## Additional Revelations

22. On April 10, 2018, the Company announced that Tom Phillips would rejoin the Company as Chief Operating Officer ("COO") and assume many of the duties of Marcus Berto, Executive Vice President, "who was terminated by the Company effective March 26, 2018 due to personal conduct inconsistent with the Company's policies."

## The Truth Emerges

23. On June 6, 2018, after the market closed, the Company reported that Ian Walsh had been appointed COO, effective June 1, 2018, to replace Tom Phillips who was only COO since April 1, 2018.

24. That same day, REV Group reported its second quarter 2018 results for the period ended April 30, 2018 (the "2Q2018 10-Q"), disclosing it was "working through some challenges . . . causing a strain on the Company's supply chain." Specifically, REV Group released a press release entitled "REV GROUP REPORTS FISCAL 2018 SECOND QUARTER RESULTS[,]" stating that REV Group's earnings were "adversely impacted by near term commodity price

inflation, supply chain constraints and shortfalls in our Commercial Segment[.]"

The article stated, in relevant part:

### REV GROUP REPORTS FISCAL 2018 SECOND QUARTER RESULTS

*Well positioned with record Q2 revenue and backlog, however adversely impacted by near term commodity price inflation, supply chain constraints and shortfalls in our Commercial Segment*

*Updated full year guidance reflects continued year over year revenue growth of 10% and Adjusted EBITDA growth of 11% at the midpoint of the range*

- Net sales of $608.9 million, representing growth of 11.7% compared to the prior year1 quarter
- Second quarter net income of $7.4 million, an increase of 9.2% compared to the prior year quarter
- Second quarter Adjusted EBITDA2 of $34.1 million, a decrease of 9.2% compared to the prior year quarter
- Total backlog of $1,270.5 million as of April 30, 2018, an increase of 2.3% sequentially and 15.3% compared to the prior year end
- Company revises full-year 2018 outlook; now expects net sales of $2.4 to $2.6 billion (vs. $2.3 billion in prior year), Adjusted EBITDA of $175 to $185 million (vs. $163 million in prior year), net income of $72 million to $87 million (vs. $31 million in prior year) and Adjusted net income of $94 to $105 million (vs. $76 million in prior year)
- Ian Walsh joins REV Group as new Chief Operating Officer
- Company repurchased 238,547 shares under the Company's share repurchase authorization during the second quarter for total consideration of $4.8 million

Milwaukee, WI.—(BUSINESS WIRE) — REV Group (NYSE: REVG), a manufacturer of industry-leading specialty vehicle brands, today reported results for the three months ended April 30, 2018 ("second quarter 2018"). Consolidated net sales in the second quarter 2018 were $608.9 million, representing growth of 11.7% over the three months ended April 29, 2017 ("second quarter 2017"). The Company's second quarter 2018 net income was $7.4 million, or $0.11 per diluted share. Adjusted net income for the second quarter 2018 was

$15.6 million, or $0.24 per diluted share, a decline of 17.9% compared to $19.0 million, or $0.29 per diluted share, in the second quarter 2017. Adjusted EBITDA[2] in the second quarter 2018 was $34.1 million, representing a decline of 9.2% compared to adjusted EBITDA of $37.6 million in the second quarter 2017. The Company ended the quarter with total backlog of $1,270.5 million, representing growth quarter over quarter and year over year.

*"Our fiscal second quarter results were below our expectations and were impacted by a number of factors."* commented Tim Sullivan, CEO of REV Group. *"In particular, cost inflation across many of the commodities and services we buy was significant in the quarter and due to the length of our backlogs we were not able to mitigate these increases. We estimate the cost inflation will have an approximate $19 million impact on our current fiscal year. Additionally, production and sales at several of our business units were adversely impacted by the availability of chassis. Finally, margins were impacted by lower-than-expected sales of certain higher-content product categories including custom fire apparatus, large commercial buses, and Class A RV's."*

"Longer term, in response to these factors, we have taken mitigating action across our business to drive targeted margin expansion. First, we have implemented price increases and surcharges to offset material and service cost increases for all new orders. Second, we have implemented a series of significant cost and spending reduction actions including: supply chain actions, consolidations of certain facilities, and reductions in overhead headcount and spending. We estimate these actions will result in annualized savings of $20 million and they are already fully implemented as of today. Given the length of our backlogs, we estimate the impact on EBITDA of these price actions will be approximately $7 million for fiscal year 2018.

(Emphasis added.)

25. On this news, shares of REV group fell $3.39 per share or nearly 19% to close at $14.52 per share on June 7, 2018 — 34% below the $22 IPO price, damaging investors.

– 8 –

26. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired the publicly traded securities of Alliance pursuant and/or traceable to the Company's IPO and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which the officers and directors of the Company have or had a controlling interest.

28. The members of the Class are so numerous that joinder of all members is impracticable. Since the IPO, the Company's securities were actively traded on NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

29. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

30. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

31. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

  a. whether Defendants issued materially false and misleading statements;

  b. whether the Registration Statement was negligently prepared and contained materially misleading statements and/or omitted material information required to be stated therein;

  c. whether other statements issued by Defendants were materially misleading and/or omitted material information;

  d. whether Defendants acted with reckless disregard for the truth with respect other statements;

  e. whether the Company's securities traded on an efficient market; and

  f. the extent to which members of the Class have sustained damages and the proper measure of damages

32. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

33. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

  a. Defendants made public misrepresentations or failed to disclose material facts;

  b. the omissions and misrepresentations were material;

  c. the Company's securities met the requirements for listing, and were listed and actively traded on NYSE, a highly efficient and automated market;

   d. the Company's shares were liquid and traded with moderate to heavy volume;

   e. as a public issuer, the Company filed periodic public reports with the SEC and NYSE;

   f. The Company regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

   g. The Company was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available;

   h. the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

   i. Plaintiff and members of the Class purchased, acquired and/or sold the Company's securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

34. Based on the foregoing, the market for the Company's securities promptly digested current information regarding the Company from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

35. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States, 406 U.S. 128 (1972)* as Defendants omitted

material information in the Company's Registration Statement and Prospectus in violation of a duty to disclose such information as detailed above.

## COUNT I
### Violations of Section 11 of the Securities Act
### Against All Defendants

36. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37. This claim is brought by Plaintiff and on behalf of other members of the Class who purchased or otherwise acquired the Company's securities pursuant to or traceable to the Company's IPO. Each member of the Class acquired his, her, or its shares pursuant to and/or traceable to, and in reliance on, the Prospectus and Registration Statement. The Company is the issuer of the securities through the Prospectus and Registration Statement, on which the Individual Defendants were signatories.

38. Defendants issued and disseminated, and caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements and/or omissions to the investing public that were contained in the Prospectus and Registration Statement, which misrepresented or failed to disclose, among other things, the facts as set forth above. By reason of the conduct alleged herein, each Defendants violated and/or controlled a person who violated Section 11 of the Securities Act, 15 U.S.C. §77k.

39. The Company is the issuer of the securities sold via the Prospectus and Registration Statement. As issuer of these securities, the Company is strictly liable to Plaintiff and the Class members for the material misstatements and omissions contained therein.

40. At the times they obtained their shares of the Company, Plaintiff and the members of the Class did so without knowledge of the facts concerning the misstatements and omissions alleged herein.

41. This claim is brought within one year after discovery of the untrue statements and omissions in and from the Prospectus and Registration Statement that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Prospectus and Registration Statement. It is therefore timely.

42. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of the Company's securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.

43. By reason of the foregoing, Plaintiff and the other members of the Class are entitled to damages as measured by the provisions of Section 11(e), 15 U.S.C. 77K(e), from the Defendants and each of them, jointly and severally.

## COUNT II
### Violations of Section 15 of the Securities Act Against the Individual Defendants

44. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45. This claim is asserted against the Individual Defendants, each of whom was a control person of the Company at relevant times.

46. The Individual Defendants were control persons of the Company by virtue of, inter alia, their positions as senior officers and/or directors of the Company, and they were in positions to control and did control, the false and misleading statements and omissions contained in the Prospectus and the Registration Statement.

47. None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Prospectus and Registration Statement were accurate complete in all material respects. Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

48. This claim was brought within one year after the discovery of the untrue statements and omissions in the Prospectus and Registration Statement and within three years after the Company's securities were sold to the Class in connection with the IPO. It is therefore timely.

49. By reason of the above conduct, for which the Company's is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as the Company's pursuant to Section 15 of the Securities Action, 15 U.S.C. 77o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: June 8, 2018                      Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450

– 14 –

Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*